[Cite as *State v. Schmick*, 2011-Ohio-2263.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95210**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# EUGENE SCHMICK

DEFENDANT-APPELLANT

## JUDGMENT:
## PLEA VACATED,
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-532200

**BEFORE:** Jones, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

ATTORNEYS FOR APPELLANT

Ian N. Friedman
Ronald L. Frey
Ian N. Friedman & Associates, LLC
1304 West 6th Street
Cleveland, Ohio 44113


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Jesse W. Canonico
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1}   Defendant-appellant, Eugene Schmick ("Schmick"), appeals his conviction for 17 counts of pandering sexually-oriented matter involving a minor, 27 counts of illegal use of a minor in nudity-oriented material or performance, and one count of possessing criminal tools. Finding merit to the appeal, we vacate his guilty pleas and remand the case.

{¶ 2} In 2009, Schmick was charged with 28 counts of pandering sexually-oriented matter involving a minor, 53 counts of illegal use of a minor in nudity-oriented material or performance, and one count of possessing criminal tools. On April 6, 2010, Schmick entered pleas of guilty to the counts as described above. The trial court sentenced him to a total of 17 years in prison, designated him a Tier II sex offender, and imposed five years of postrelease control.

{¶ 3} Schmick appeals, raising six assignments of error. After review, we find that the first and second assignments of error are dispositive of this appeal. The first and second assignments of error are as follows:

I. The court's failure to strictly comply with Crim.R. 11(C)(2)(c) violated the defendant-appellant's right to due process of law as guaranteed by Article I, Section 10 of the Ohio State Constitution and the Fourteenth Amendment to the United States Constitution."

II. The defendant-appellant's plea was not made knowingly, voluntarily or intelligently as the court failed to strictly comply with Crim.R. 11(C)(2)(c)."

{¶ 4} In the first and second assigned errors, Schmick argues his guilty plea was not knowingly, intelligently, and voluntarily made and, therefore, his right to due process of law was violated when the trial court failed to inform him of his privilege against self-incrimination.

{¶ 5} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and non-constitutional rights before accepting a felony plea

of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard* (1981), 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115.

{¶ 6} We employ a de novo standard of review to determine whether the trial court accepted a plea in compliance with Crim.R. 11(C). *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, ¶26, citing *State v. Stewart* (1977), 51 Ohio St.2d 86, 364 N.E.2d 1163. We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C). Id.

{¶ 7} Crim.R. 11(C)(2) provides, in pertinent part, that the court shall not accept a plea of guilty without first addressing the defendant personally and doing all of the following:

"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at

which the defendant cannot be compelled to testify against himself or herself."

{¶ 8} The trial court must strictly comply with those provisions of Crim.R. 11(C) that relate to the waiver of constitutional rights. *Stewart* at 86, 88-89; *Ballard* at paragraph one of the syllabus. That being said, "strict compliance" does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligible to that defendant. Id.

{¶ 9} In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Ohio Supreme Court held that "a trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." Id. at ¶31. If the record confirms that the trial court failed to perform this duty, the defendant's plea is constitutionally infirm, making it presumptively invalid. Id. at ¶29; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶12 .

{¶ 10} In the present case, the trial court failed to inform Schmick of his constitutional right against compulsory self-incrimination or his "right to remain silent." See *State v. Burston*, Cuyahoga App. No. 93645, 2010-Ohio-5120 (advising a defendant that he is waiving

his right to remain silent is sufficient to explain the privilege against compulsory self-incrimination and complies with Crim.R. 11(C)).   In fact, the state concedes the first two assignments of error as set forth by the appellant.

{¶ 11} The trial court's failure to strictly comply with Crim.R. 11(C)(2)(c) renders Schmick's plea invalid.   Consequently, we must vacate Schmick's plea.

{¶ 12} The first assignment of error is sustained.   Based on this, the remaining assignments of error are moot.   See App.R. 12(A)(1)(c); appendix.

{¶ 13} Accordingly, the plea is vacated, Schmick's conviction and sentence are reversed, and the case is remanded to the trial court for proceedings in accordance with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

LARRY A. JONES,   JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR


Appendix


"III. The court's imposition of consecutive sentences, without making appropriate findings and reasons as required by R.C. 2929.14, violated the defendant-appellant's right to due process of law as guaranteed by Article I, Section 10 of the Ohio State Constitution and the Fourteenth Amendment to the United States Constitution.

"IV. The defendant-appellant's right to due process of law as guaranteed by Article I, Section 10 of the Ohio State Constitution and the Fourteenth Amendment to the United States Constitution was violated when the trial court sentenced defendant upon claims of other alleged offenses occurring on other dates.

"V. The defendant-appellant's right to due process of law as guaranteed by Article I, Section 10 of the Ohio State Constitution and the Fourteenth Amendment to the United States Constitution was violated when the trial court sentenced defendant to consecutive sentences amounting to seventeen (17) years.

"VI. The defendant-appellant was denied his fundamental right to effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of the Unites States of America and made applicable to the States by and through the Fourteenth Amendment to the Constitution of the United States of America."