[Cite as *State v. Barnes*, 2014-Ohio-5794.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 101419

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**LENEL WESLEY BARNES**

DEFENDANT-APPELLANT

**JUDGMENT:**
VACATED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-574792-A

**BEFORE:** Jones, P.J., Rocco, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** December 31, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Kerry A. Sowul
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Lenel Barnes appeals his convictions for breaking and entering, theft, and vandalism. We vacate and remand.

{¶2} In 2014, Barnes pleaded guilty to a 21-count indictment. At the plea hearing the trial court informed Barnes that he had the right to a trial by jury or by the court, that the state must prove each and every element of the crime beyond a reasonable doubt, that Barnes had the right to confront and cross- examine the witnesses against him, and the right to use the court's subpoena power to compel the attendance of any witnesses who may testify on his behalf. The trial court omitted that Barnes could not be compelled to testify and that if he chose to remain silent at trial, that fact could not be used against him.

{¶3} The trial court explained the possible maximum sentence and informed Barnes of postrelease control. At the sentencing hearing, the trial court sentenced Barnes to a total of seven years in prison and ordered he pay restitution in the amount of $33,249.

{¶4} Barnes appealed, raising four assignments of error. *See* Appendix. The first assignment of error is dispositive of this appeal.

{¶5} In the first assignment of error, Barnes claims that the trial court erred, and violated Crim.R. 11, when it did not inform him that he had a privilege against self-incrimination. The state, pursuant to Loc.App.R. 16(B) has conceded this error.[1]

---

[1]Loc.App.R. 16(B) provides:

> Notice of Conceded Error. When a party concedes an error that is dispositive of the entire appeal, the party conceding the error shall file a separate notice of conceded error either in lieu of or in addition to their responsive brief. Once all briefing is completed, the appeal will be randomly assigned to a merit panel for review. The appeal will be considered submitted on the briefs unless the assigned panel sets an

**{¶6}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The standard of review for determining whether a plea was knowing, intelligent, and voluntary within the meaning of Crim.R. 11 for constitutional issues is strict compliance. *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990), citing *State v. Stewart*, 51 Ohio St.2d 86, 92-93, 364 N.E.2d 1163 (1977).

**{¶7}** In *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, the Ohio Supreme Court held:

> [A] trial court must strictly comply with Crim.R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

*Id.* at ¶ 31. If a trial court fails to strictly comply with this duty, the defendant's plea is invalid. *Id.*; *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12; *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263.

**{¶8}** Our review of the record confirms the trial court omitted informing Barnes of his right against self-incrimination. Because the trial court failed to strictly comply with this constitutional requirement, we must vacate Barnes's guilty plea and remand this case for further proceedings.

**{¶9}** The remaining assignments of error are moot. *See* App.R. 12(A)(1)(C).

**{¶10}** Judgment reversed, plea vacated, and case remanded for further proceedings

---

oral argument date.

consistent with this opinion.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

KENNETH A. ROCCO, J., and
EILEEN T. GALLAGHER, J., CONCUR

Appendix: Assignments of Error

I.   The trial court erred, and violated Criminal Rule 11, when it did not inform Barnes that he had a privilege against self-incrimination.

II.   The trial court erred when it ordered restitution in the amount of $33,249.00 without any evidence on the record that the amount of restitution was based on the victim's economic loss, and without considering Barnes' ability to pay.

III.   The trial court erred when it did not make the necessary findings prior to imposing consecutive sentences, and when it did not incorporate those findings into its sentencing entry.

IV.   The trial court erred when it sentenced Barnes to a total term of seven years in prison for non-violent felonies of the fourth and fifth degree.