[Cite as *State v. Perez*, 2015-Ohio-4272.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 101645**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GINA PEREZ

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-577563-A

**BEFORE:** Jones, P.J., McCormack, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** October 15, 2015

**ATTORNEY FOR APPELLANT**

Paul A. Daher
Paul A. Daher & Associates
700 W. St. Clair Avenue
Suite 218
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: John Patrick Colan
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

**{¶1}** Defendant-appellant Gina Perez appeals from the trial court's June 9, 2014 judgment of conviction.   For the reasons that follow, we affirm.

I.   Procedural History and Facts

**{¶2}**   In December 2013, Perez was charged in a 14-count indictment.   Counts 1 and 2 charged theft, and the remaining counts, Counts 3-14, charged forgery.   The record demonstrates that Perez was hired to take care of, and do chores for, the victim, an elderly neighbor.   During this time, Perez forged the victim's signature and stole multiple checks from her.   After being indicted, Perez attempted to enter a diversion program, but was unable to because of the victim's age.

**{¶3}** In March 2014, Perez pleaded guilty to Count 1, theft, and Counts 3, 4, 5, and 6, forgery, all felonies of the fifth degree.   The remaining counts were dismissed.   Prior to accepting the plea, the court advised Perez that it had two options regarding sentencing: it could impose community control sanctions, or it could impose a prison term, ranging from six to twelve months for each one of the counts, and that the sentences for each count could be run concurrently or consecutively.   In regard to community control sanctions, the court informed Perez as follows:

> I could put you on what's called Community Control Sanctions generally known as probation, which means I can place you on probation for up to five years, require you to participate in programs that would be beneficial to you and to the community, and that includes the possibility of placing you in the county jail for up to 180 days.

**{¶4}** The court also advised Perez that it could impose a fine up to $2,500 for each

count, regardless of whether it sentenced her to prison or community control sanctions. The court further advised Perez of the consequences for violating the terms of community control sanctions, and of postrelease control if a prison term were imposed.

{¶5} As part of the plea, Perez agreed to restitution to the victim in the amount of $7,280. The case was referred to the probation department for a presentence investigative report.

{¶6} A sentencing hearing was held on June 6, 2014. The court determined, and the parties agreed, that under R.C. 2929.13(B)(1)(C), community control sanctions were mandatory in this case, and sentenced Perez to five years of community control with monthly reporting to her probation officer and random drug testing. The court also sentenced Perez to 180 days of local jail time, with half of the time suspended. In an attempt to work around Perez's work schedule so that she would not lose her job, the trial court ordered that she report to the jail at 8:30 a.m. on Mondays, and be released Tuesday evenings at a "time convenient to the Sheriff's Department."

{¶7} On June 12, 2014, the trial court held another hearing for the purpose of advising Perez of her appellate rights, which it had initially failed to do. The court further advised Perez that it had been informed that its previously ordered schedule for her reporting to the jail to serve her sentence would result in her only obtaining credit for one day served, as opposed to two days. After discussion, the court and Perez agreed that she would report as previously ordered, but the court would calculate, for its purposes, the days as two days of time. After 45 days of time served under the court's

calculation, the court stated that it would "entertain a possible motion for further adjustment to that schedule depending on the circumstances as they exist at that time."

{¶8} The docket reflects that another hearing was held in November 2014. At that hearing, the court determined that Perez had served 43 days, and ordered the remaining jail sentence be suspended. The court further ordered that Perez "shall work all available overtime hours on her normal jail days, Mondays and Tuesdays, and the money earned on those days shall be used to pay restitution. The minimum amount of monthly restitution is $190 plus all overtime amounts, estimated to be between $100 and $200."

{¶9} Perez assigns the following two assignments of error for our review:

[I.] Perez's plea was not knowingly, intelligently, and voluntarily made.

[II.] The trial court erred when it resentenced Perez after issuing its initial sentence on June 6, 2014.

II. Law and Analysis

**Plea**

{¶10} In her first assignment of error, Perez contends that her plea was not knowingly, intelligently, and voluntarily made because the trial court did not inform her at the plea hearing that she was subject to mandatory community control sanctions.

{¶11} An appellate court reviews de novo whether the trial court accepted a plea in

compliance with Crim.R. 11(C). *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977). "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6.

{¶12} Crim.R. 11(C) governs the process by which a trial court must inform a defendant "of certain constitutional and non-constitutional rights before accepting a felony plea of guilty or no contest." *Schmick* at ¶ 5. "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty." *Id.*, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶13} Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant

understands the effect of the plea of guilty or no contest, and that the court,

upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶14} In differentiating between constitutional rights and nonconstitutional rights under Crim.R. 11(C), courts have held that strict compliance with the rule is required if the appellant raises a constitutional right delineated in Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance, however, is the standard when the appellant raises a violation of a nonconstitutional right outlined in Crim.R. 11(C)(2)(a) and (b). *State v. Drake*, 8th Dist. Cuyahoga No. 98640, 2013-Ohio-1984, ¶ 5, citing *Stewart*, *supra*.

{¶15} Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld." *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). When the trial court does not substantially comply with Crim.R. 11 in regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶

32. The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108.

{¶16} The issue Perez raises, whether her plea was valid in light of the trial court's failure to advise her at the plea hearing that she would be subject to mandatory community control sanctions, relates to a nonconstitutional advisement and, therefore, we review for substantial compliance.

{¶17} The trial court advised Perez at the time of her plea that it had two options in regard to sentencing her: community control sanctions or prison. In fact, however, under R.C. 2929.13(B)(1)(c), the court was required in this case to sentence Perez to community control sanctions.

{¶18} In regard to community control sanctions, the court stated the following at the plea:

> I could put you on what's called Community Control Sanctions generally known as probation, which means I can place you on probation for up to five years, require you to participate in programs that would be beneficial to you and to the community, and that includes the possibility of placing you in the county jail for up to 180 days.

{¶19} Perez now contends that if she had known the "correct penalties regarding mandatory community control, she could have opted for trial, determining that she was willing to risk that period of sanctions." After review of the record, and under the totality of the circumstances, we conclude that Perez did not misunderstand the consequences of her plea, nor did she suffer any prejudicial effects.

{¶20} It is true that the trial court incorrectly informed Perez at her plea hearing

that it could sentence her to community control sanctions or prison, when the court's only option in this case was to sentence Perez to community control sanctions. The error, however, was actually beneficial to Perez: she could not have been sentenced to prison like the trial court informed her was a possibility. Further, the court's advisement in regard to community control sanctions was correct. Thus, Perez's sentence was actually less severe than what the trial court outlined, and Perez could not have detrimentally relied on the court's misstatement in deciding to plead guilty.

{¶21} In light of the above, the first assignment of error is overruled.

**Sentence**

{¶22} For her second assignment of error, Perez contends that the trial court erred when it "resentenced" her after its initial sentencing. She admits that the court's modification does not prejudice her, but nonetheless seeks to have her sentence vacated. We disagree that Perez's sentence should be vacated.

{¶23} At sentencing, Perez told the court that she wanted to fulfill her restitution obligation, but that the only way she could do that was if she kept her job. The court then attempted to fashion a sentence that would accommodate Perez's work schedule. Any error in the trial court revisiting the sentence was, therefore, invited error. "The invited error doctrine prohibits a party who induces error in the trial court from taking advantage of such error on appeal." *State v. Bruce*, 8th Dist. Cuyahoga No. 92016, 2009-Ohio-6214, ¶ 67.

{¶24} Further, although courts are generally not allowed to modify a sentence after

execution of the initial sentence, they may correct errors in judgment entries so that the record speaks the truth. Crim.R. 36. "Errors that are subject to correction by the court include a clerical error, mistake, or omission that is mechanical in nature and apparent on the record and does not involve a legal decision or judgment." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio- 5204, 958 N.E.2d 142, ¶ 18. The trial court's modifications in this case did not involve a legal judgment; they were simply mechanical corrections to fashion a sentence that would accommodate Perez's work schedule, which the record reflects was the goal of the parties at the initial sentencing hearing.

**{¶25}** In light of the above, the second assignment of error is overruled.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

TIM McCORMACK, J., and
MARY J. BOYLE, J., CONCUR