[Cite as *State v. Jackson*, 2016-Ohio-7891.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104108**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JIMMIE M. JACKSON

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-596651-A

**BEFORE:** Laster Mays, J., Keough, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 23, 2016

-i-

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street
Second Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Timothy McGinty
County Prosecutor

By:    Denise J. Salerno
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Jimmie M. Jackson ("Jackson"), appeals his conviction and asks this court to vacate his sentence and remand to the trial court for new proceedings.   We affirm.

{¶2} Jackson was indicted on eight counts.   The first four counts are related to victim one, and Counts 5 through 8 are related to victim two.    They are as follows:

| | |
|---|---|
| Counts 1 and 2: | Rape, a first-degree felony, in violation of R.C. 2907.02(A)(2) with sexually violent predator specification under R.C. 2941.148(A); |
| Count 3: | Aggravated Burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1); |
| Count 4: | Aggravated Burglary, a first-degree felony, in violation of R.C.2911.11(A)(2); |
| Count 5: | Kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4); |
| Count 6: | Rape, a first-degree felony, in violation of R.C. 2907.02(A)(2) with sexually violent predator specification under R.C. 2941.148(A); |
| Count 7: | Aggravated Burglary, a first-degree felony, in violation of R.C. 2911.11(A)(1); and |
| Count 8 : | Kidnapping, a first-degree felony, in violation of R.C. 2905.01(A)(4). |

{¶3} As part of a plea agreement, Jackson pleaded guilty to Counts 1 and 6. During this proceeding, the trial court informed Jackson of his constitutional rights and

the minimum and maximum sentence he could receive. At sentencing, the court sentenced Jackson to 41-years-to-life imprisonment. As a result, Jackson has filed this timely appeal assigning one error for our review:

> I. The trial court committed plain error in failing to inform appellant of the possible maximum term of imprisonment in compliance with Crim.R. 11(C)(2)(a).

## I.     Standard of Review

{¶4} "An appellate court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C)." *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 20, quoting *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6. "We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)." *Id*. "Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest." *Id*. "The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty." *Id.*

## II.     Law and Analysis

{¶5} In Jackson's sole assignment of error, he argues that the trial court committed plain error in failing to inform him of the possible maximum term of imprisonment in compliance with Crim.R. 11(C)(2)(a).

> Under Crim.R. 11(C), prior to accepting a guilty plea in a felony case, the trial court must conduct an oral dialogue with the defendant to ensure that

the plea is voluntary, that the defendant understands the nature of the charges and the maximum penalty involved, and that the defendant understands the constitutional right[s] he or she waives by pleading guilty, including the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*Id*. at ¶ 21.

**{¶6}** Jackson argues that his nonconstitutional right to have the judge explain the maximum penalty involved was violated.

When the appellant raises a violation of a nonconstitutional right found in Crim.R. 11(C)(2)(a) and (b), however, we look for substantial compliance. Under this standard, a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that the defendant subjectively understands the implications of his plea and the rights he is waiving, the plea may be upheld.

*Id*. at ¶ 23.

When the trial court does not substantially comply with Crim.R. 11 with regard to a nonconstitutional right, reviewing courts must determine whether the trial court partially complied or completely failed to comply with the rule. If the trial court partially complied, the plea may be vacated only if the defendant demonstrates a prejudicial effect. Prejudice in this context requires that the defendant demonstrate that but for the error, there is a reasonable probability that he or she would not have pleaded guilty.

*Id.* at ¶ 24.

**{¶7}** Crim.R. 11(C)(2)(a) and (b), which outline the nonconstitutional notifications, state:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept such plea without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charge and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation * * *.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

{¶8} The trial court informed Jackson of the maximum penalty involved with pleading guilty.

COURT: Based upon the statements of the prosecuting attorney as well as your lawyer I believe it's your intention for you to plead guilty to the amended Count 1, rape, with a sexually violent predator specification attached, that is a felony of the first-degree in violation of 2907.02(A)(2) and 2941.14(A)(8)(a). That carries a possible time from ten years in prison up to life in prison; do you understand that?

JACKSON: Yes.

COURT: And a fine of up to $20,000. I also believe it's your intention to plead guilty to Count 6, the amended Count 6 rape, that is a felony of the first-degree in violation of 2907.02(A)(2). That carries a possible penalty from three to 11 years in prison and a fine of up to $20,000. Do you understand that?

JACKSON: Yes.
COURT: If I were to run these counts one after the other or consecutively, you are looking at anywhere from 21 years — I'm sorry — anywhere from 13 years — hold on. Let me say that again. Just make sure. Anywhere from 13 years up to life, and a fine, again, of up to $40,000; do you understand that?

JACKSON: Yes.

COURT: If this court imposes a prison term upon the completion of your prison term the State of Ohio Adult Parole Authority

and not this court shall have a mandatory five-year supervision under what is called postrelease control. * * *

(Tr. 15-17.)

**{¶9}** The court sentenced Jackson to 41 years in prison. As shown previously, the court informed Jackson that he could receive 13 years to life. "The defendant's right to be informed of the maximum possible penalty is a nonconstitutional right. Therefore, a substantial-compliance rule applies." *State v. Thomas*, 197 Ohio App.3d 176, 2011-Ohio-6073, 966 N.E.2d 939, ¶ 33 (8th Dist.).

> If the trial judge partially complied with its duty to inform the defendant of the maximum penalty involved, the plea may be vacated only if the defendant demonstrates a prejudicial effect. Prejudicial effect is established if the defendant can demonstrate that he would not have entered the plea had the trial court literally complied with Crim.R. 11(C)(2).

*Id*. at ¶ 34.

**{¶10}** However, the trial judge fully complied with the law by stating clearly the maximum penalty Jackson could receive. So there is no prejudicial effect. His sentence of 41 years falls within the range of 13 years to life. *See State v. Scott*, 8th Dist. Cuyahoga No. 103696, 2016-Ohio-5929, ¶ 6 ("a sentence is authorized by law if it is within the statutory range of available sentences.") Therefore, Jackson's sole assignment of error is overruled.

**{¶11}** Judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR