[Cite as *State v. Reed*, 2019-Ohio-2328.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee, | : | No. 107582 |
| v. | : | |
| WILLIAM REED, | : | |
| Defendant-Appellant. | : | |

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 13, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-625450-A

---

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Glen Ramdhan, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and David Martin King, Assistant Public Defender, *for appellant.*

LARRY A. JONES, SR., J.:

{¶ 1} Defendant-appellant William Reed ("Reed") appeals his drug trafficking convictions that were entered after a plea. For the reasons that follow, we affirm.

{¶ 2} In January 2018, Reed was arrested by the Cleveland police. The police knew him to be a drug dealer and human trafficker and, prior to his arrest, had been conducting surveillance of him.

{¶ 3} On the day of the arrest, the police saw Reed's minivan in the driveway of a house that drug addicts and prostitutes were known to frequent. Reed came out of the house and left in his minivan. Later that day, he picked up his codefendant, T.T., whom the state described as a "prostitute for him in his enterprise," and she drove the minivan and Reed was a passenger.

{¶ 4} The police watched as T.T., whose license they knew was suspended, drove the vehicle to a bank, where they observed Reed engage in what appeared to be a "hand-to-hand drug transaction" in the parking lot. After the transaction, T.T. and Reed left the parking lot, with T.T. still driving, and the police stopped her for a traffic infraction, i.e., making several turns without signaling, and for driving under a suspended license.

{¶ 5} When the stop was effectuated, Reed got out of the vehicle and attempted to leave the scene. The police arrested him for wrongful entrustment of a vehicle and searched him incident to arrest. They recovered 16 individually wrapped bags of crack cocaine and nine individually wrapped bags of heroin from his jacket pockets. The heroin was gray in color, which indicated to the police that it was likely mixed with Fentanyl. The police also seized $323 and two cell phones from Reed.

{¶ 6} In February 2018, Reed was charged in an eight-count indictment with various drug-related offenses and specifications. In June 2018, after negotiations with the state, Reed pled guilty to three amended counts of drug trafficking, with forfeiture of the $323, one of the cell phones, and the minivan. The court sentenced Reed to a 46-month prison term. He was also sentenced for probation violations that resulted in two other cases because of this case. Reed now appeals, and in his sole assignment of error he contends that his plea was not knowingly and voluntarily made. We disagree.

{¶ 7} Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 5.

{¶ 8} To ensure that a defendant enters a plea knowingly, voluntarily, and intelligently, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C)(2). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C)(2) requires that a trial court determine from a colloquy with the defendant whether the defendant understands (1) the nature of the charge and maximum penalty, (2) the effect of the guilty plea, and that upon acceptance of the plea, the court may proceed with judgment and sentence, and (3) the constitutional rights waived by a guilty plea. *State v. Hussing*, 8th Dist.

Cuyahoga No. 97972, 2012-Ohio-4938, ¶ 18. The constitutional rights include the rights to a jury trial, to confront witnesses, to have compulsory process to obtain witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself. Crim.R. 11(C)(2)(c); *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 21.

{¶ 9} Our review of a plea depends on the alleged violation. Reed raises an alleged constitutional violation. Strict compliance is required if an appellant raises a violation of a constitutional right delineated in Crim.R. 11(C)(2)(c). When the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c), it is presumed the plea was entered involuntarily and unknowingly and therefore the plea was invalid. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 31.

{¶ 10} According to Reed, the trial court misinformed him of his constitutional rights by advising him as follows:

> You have the right to confront witnesses who would testify against you at trial, and you would do that by being in the courtroom listening to their testimony and having your attorney cross-examine those witnesses to test the truthfulness of **your** testimony.

(Emphasis added.)

{¶ 11} Thus, the trial court used the word "your" instead of "their." However, the failure to use the exact language contained in Crim.R. 11(C) in informing a criminal defendant of his or her constitutional rights is not grounds for

vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to the defendant. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18, citing *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 12} The subject paragraph stated by the trial court clearly is referring to the waiver of Reed's right to confrontation. To the extent that he contends that trial court's misplaced pronoun confused him on his right to remain silent, the trial court unequivocally advised him that: "you have the right not to testify at trial. You cannot be forced to testify against yourself. If you elect to remain silent during the trial, your silence cannot be used against you in any form or fashion to prove your guilt. On the other hand, if you want to testify, you have the absolute right to do that."

{¶ 13} Prior to accepting his plea, the trial court asked Reed if he understood all of his rights; Reed indicated that he did. The record does not show any confusion. We therefore find that the trial court strictly complied with advising Reed on the constitutional rights he was waiving. The sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

PATRICIA ANN BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR