[Cite as *State v. Dumas*, 2023-Ohio-4298.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| JOHNNY DUMAS | : | Case No. 2023 CA 0002 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 2021 CR 0088




JUDGMENT:     Affirmed




DATE OF JUDGMENT:     November 27, 2023




APPEARANCES:

For Plaintiff-Appellee     For Defendant-Appellant

THOMAS SMITH     R. JESSICA MANUNGO
60 East High Street     250 East Broad Street
Mt. Gilead, OH  43338     Suite 1400
     Columbus, OH  43215

*King, J.*

{¶ 1} Defendant-Appellant Johnny Dumas appeals the October 27, 2022 judgment of the Morrow County Court of Common Pleas. Plaintiff-Appellee is the state of Ohio.

{¶ 2} A full recitation of the underlying facts is unnecessary for our resolution of this appeal. On June 19, 2021, Dumas stole a vehicle, attempted to elude police, and injured two officers in the process. As a result, on June 24, 2021 the Morrow County Grand Jury returned an indictment charging Dumas with two counts of failure to comply with the order or signal of a police officer, and one count each of receiving stolen property, felonious assault, and vandalism. Dumas entered pleas of not guilty.

{¶ 3} On November 9, 2021, counsel for Dumas filed a motion for an order directing Dumas to submit to an evaluation to determine his competency to stand trial as well as his mental condition at the time of the offense. On December 7, 2021, the trial court ordered Dumas to submit himself to said evaluations at The Forensic Diagnostic Center in Mansfield, Ohio.

{¶ 4} On March 18, 2022, a competency hearing was held. Reports from The Forensic Diagnostic Center concluded Dumas was competent at the time he committed his offenses and was further competent to stand trial. The parties stipulated to the reports. The trial court ordered Dumas to submit to an evaluation with Riverside Recovery for possible placement into that facility. Motion Hearing, March 18, 2022 3-6. Dumas was later found to be a suitable candidate for Riverside. Motion Hearing, April 4, 2022, 5.

{¶ 5} On May 13, 2022, the Morrow County Grand Jury returned a superseding indictment. The superseding indictment charged Dumas as he had been previously

charged, with the addition of three more crimes including one count of possession of cocaine and two counts of operating a vehicle under the influence of drugs. Dumas again entered pleas of not guilty.

{¶ 6} Pursuant to plea negotiations with the state, On August 1, 2022, Dumas entered pleas of guilty to two counts of felonious assault, felonies of the first degree, as contained in counts four and five of the superseding indictment. In exchange for his pleas, the state dismissed the balance of the superseding indictment. Before entering his pleas, Dumas viewed a pre-recorded video presentation explaining his rights as a criminal defendant. He signed a document stating he viewed the video, but the document does not explain what exactly was contained in the video, nor does it indicate Dumas understood the contents of the video. The trial court then engaged Dumas in a lengthy plea colloquy before accepting his guilty pleas. Dumas was subsequently sentenced to an aggregate prison term of twenty to twenty-five years.

{¶ 7} Dumas was granted leave to file a delayed appeal and the matter is now before this court for consideration. He raises one assignment of error as follows:

I

{¶ 8} "MR. DUMAS WAS DENIED DUE PROCESS OF LAW BECAUSE HE COULD NOT HAVE ENTERED HIS GUILTY PLEAS KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY. FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION; ARTICLE 1, SECTION 10, OHIO CONSTITUTION; CRIM.R. 11(C)(2)."

{¶ 9} In his sole assignment of error, Dumas argues that in accepting his guilty plea, the trial court failed to strictly comply with Crim.R. 11(C)(2)(c). Specifically, Dumas argues that in its colloquy, the trial court failed to inform him that by entering a guilty plea,

he waived his right to require the state to prove his guilt beyond a reasonable doubt. We disagree.

{¶ 10} When reviewing a trial court's compliance with Crim.R. 11(C), we apply a de novo standard of review. *State v. Nero*, 56 Ohio St.3d 106, 108-109, 564 N.E.2d 474(1990); *State v. Lebron*, 8th Dist. Cuyahoga No. 108825, 2020-Ohio-1507, ¶9; *State v. Groves*, 5th Dist. Fairfield Nos. 2019 CA 00032, 2019 CA 00033, 2019-Ohio-5025, ¶ 7. We are required to review the totality of the circumstances and determine whether the plea hearing complied with Crim.R. 11(C). *State v. Cardwell*, Cuyahoga App. No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 11} In *State v. Veney*, the Ohio Supreme Court held strict compliance with Crim.R. 11(C)(2)(c) is required when addressing constitutional notifications:

> A trial court must strictly comply with Crim.R . 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

{¶ 12} *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, paragraph one of the syllabus.

{¶ 13} "Strict compliance does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶8.

{¶ 14} Dumas argues the trial court's notification that the state was required to prove his guilt by proof beyond a reasonable doubt was limited to the following:

THE COURT: * * * So what you are waiving today is your ability to compel or force the State of Ohio to separately on their own present the evidence to the factfinder jury about all those cases if you presume to plead. Do you understand that sir?

{¶ 15} Change of Plea Hearing, August 1, 2022, 27.

{¶ 16} Dumas argues this passage demonstrates the trial court made it clear the state had the burden of production, but was silent as to the burden of proof.

{¶ 17} Directly before that statement, however, the trial court explained the state's burden of proof:

THE COURT: Now, when the state is talking about all of these things and presenting the evidence, it has a standard it has to prove. It has to prove the evidence, parts or piece, every piece and part of a charge. Each charge is called a count. Every piece of that they have to prove of the count. They have to prove all the parts to it to a

standard or else the jury has no idea whether or not the Defendant should be convicted or not.

And there is a standard that is often misunderstood. The standard of proving all those parts or pieces of the charge beyond a reasonable doubt. Now reasonableness is a critical word in there. I don't say beyond any doubt. I didn't say beyond every doubt and often when you watch TV they will say that improperly.

But that's because they have got bad writers or whatever it is. But the subject is beyond, beyond a reasonable doubt. And reasonableness is a matter of common sense. It is a common sense theory that we all use in our major decisions, if we are going to drive a car with a license, if we decide to get married, if we buy a car, we use common sense.

We don't do something without using common sense. If we are going to buy a house, we know how we are going to pay for it. We don't walk into closing, sign all the documentation and say okay, how are you going to pay for this? You don't go I don't know. You go this is how I'm going to do it. There is going to be a mortgage. I'll get a loan from a bank. So reasonableness is common sense.

So has to make common sense that the Defendant has been convicted. If I was talking about the burglary that there was individuals, that it happened during the night. There was one witness.

The witness is a thousand yards away from where it happens. The witness heard sounds and saw a skeletal shadow go across.

That witness can't say who it was, what they looked like, did they have tattoos, male, female, gender, they are just saying it is a shadow.

So if that's the only piece of evidence that's not beyond a reasonable doubt. That doesn't make common sense.

However, if the Defendant is somebody that the burglary occurred in the middle of the day, at noon on a crowded street for whatever reason and there are 12 people that could identify the Defendant. The Defendant didn't have a mask on. They are a very large individual. They could tell it was a man versus a woman. They could see their face. They could see that they didn't have a beard or had a beard. They could see they had tattoos. They knew they were 400 pounds and every one of those witnesses, but for one, and that person had difficulty because maybe they don't have their glasses, that's the person they identified. That's you know, 11 out of 12 witnesses, that's beyond a reasonable doubt that the Defendant committed burglary. So that's my hypothetical and that's where reasonable comes in today. So the State presents that evidence to the jury and has to rise to the level of beyond a reasonable doubt.

* * *

So what you are waiving today is your ability to compel or force the State of Ohio to separately on their own present the evidence to the factfinder jury about all those cases if you presume to plead. Do you understand that sir?

MR. Dumas: Yes.

{¶ 18} Change of Plea Hearing, August 1, 2022, 23-27.

{¶ 19} Dumas neither mentions nor challenges the portion of the record that precedes the two sentences he bases his argument upon.  Based on our examination of the entire record, we find that the trial court strictly complied with Crim.R. 11(C)(2)(c) by explaining the state's burden of proof in a manner reasonably intelligible to Dumas before accepting Dumas' guilty plea.

{¶ 20} The sole assignment of error is overruled.

{¶ 21} The judgment of the Morrow County Court of Common Pleas is affirmed.

By King, J.,

Gwin, P.J. and

Delaney, J. concur.