[Cite as *State v. Hyche*, 2022-Ohio-1587.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                      No. 110709

    v.                             :

DERRICK L. HYCHE, JR.,                  :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 12, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643564-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Morgan Austin, Assistant Prosecuting Attorney, *for appellee.*

Mary Catherine Corrigan, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Derrick Hyche, Jr., appeals from a judgment of the trial court that sentenced him to a 24-month term of community control after he pleaded guilty to the offenses of attempted felonious assault and attempted

abduction.  On appeal, Hyche raises the following two assignments of error for our review:

> 1.  The Trial Court abused its discretion when it failed to grant the Appellant's Motion to Continue.
>
> 2.  The Trial Court abused its discretion when it failed to grant the Appellant's pre-sentence Motion to Withdraw Plea.

{¶ 2}  After a thorough review of the record and applicable law, we conclude the trial court did not abuse its discretion and affirm the judgment of the trial court.

**Procedural Background**

{¶ 3}  On September 6, 2019, Hyche was indicted for felonious assault (Count 1), a second-degree felony, abduction (Count 2), a third-degree felony, and aggravated menacing (Count 3), a first-degree misdemeanor.  The indictment stemmed from a physical altercation between Hyche and his girlfriend in his apartment.  She was taken by an ambulance to a hospital afterwards.  An officer observed injuries all over her body: marks and swelling on her throat; a swollen lip; a blacken and swollen left eye; and bruise marks on her left side, both arms, and wrist areas.  Hyche told the police the two got into a physical alteration and her bruises were a result of him pushing her off him and trying to protect himself.

{¶ 4}  On July 20, 2020, the case was scheduled for a plea hearing.  At the hearing, the state described the plea deal offered to Hyche:  in exchange for a guilty plea, the state would amend Count 1 to attempted felonious assault, a third-degree felony, and Count 2 to attempted abduction, a fourth-degree felony, and the state

would dismiss Count 3. However, Hyche stated at the hearing he was not interested in entering a guilty plea.

{¶ 5} Almost a year later, on June 24, 2021, the day the matter was scheduled for trial, Hyche accepted the plea agreement offered by the state and pleaded guilty to attempted felonious assault and attempted abduction. Pertinent to this appeal, the transcript of the plea hearing reflects the following exchange prior to Hyche's plea:

> THE COURT [ADDRESSING DEFENSE COUNSEL]: And I note that *you have filed discovery requests, and the State has responded in writing.* This matter has been pending a while because of the Coronavirus issue, * * * have you gotten all the information you sought on behalf of your client?
>
> [DEFENSE COUNSEL]: Yes, Your honor.
>
> THE COURT: Have you had a chance to talk to Mr. Hyche about the evidence the State would offer against him if this matter went to trial, the defenses he might have, and the evidence that's favorable to him?
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> [THE COURT]: Do you feel he'll be making a knowing, intelligent, and voluntary change of plea?
>
> [DEFENSE COUNSEL]: Yes, I advised him of all his rights, went over all the facts. Yes, Your Honor.

(Emphasis added.) (Tr. 9.)

{¶ 6} After the exchange, the trial court addressed Hyche directly. The court asked him if he had discussed the evidence and various aspects of the case with his counsel. Hyche answered affirmatively. He also answered affirmatively when asked if he was satisfied with the representation he received from his counsel. After

the trial court engaged him in a thorough Crim.R. 11 colloquy, Hyche pleaded guilty to the amended charges of attempted felonious assault and attempted abduction. The court then ordered a presentence investigation report ("PSI") and scheduled the sentencing hearing for July 26, 2021.

{¶ 7} Soon after the plea hearing, however, Hyche retained new counsel. On July 7, 2021, his new counsel filed a notice of appearance and also a discovery request.[1] Apparently, due to some clerical error, the prosecutor's office was not aware of the discovery request until July 26, 2021, the day the case was scheduled for sentencing. Once made aware of the request, the prosecutor's office promptly provided the discovery materials to Hyche's new counsel on that day, prior to the sentencing hearing.

{¶ 8} The docket reflects that on the day of the scheduled sentencing hearing, Hyche's new counsel filed a motion to withdraw the guilty plea and a motion to continue the sentencing hearing.

{¶ 9} Hyche's motion to withdraw the guilty plea filed by his new counsel alleged that "[b]ased on [counsel's] conversations with the Defendant, there are plausible defenses to this case, and the Defendant would like to potentially avail [himself] to those defenses." The motion alleged that counsel "would have liked to

---

[1] According to Hyche's new counsel, she attempted to contact his prior counsel regarding discovery but received no response from the prior counsel.

outline potential defenses in this motion [but] without tendered discovery she is unable to outline those defenses."

{¶ 10} At the hearing, the trial court acknowledged Hyche's pending motions and requested Hyche's counsel to address the motions. Hyche's counsel reported that she had just received the documents from the state in response to her discovery request and did not have adequate time to review them. She asked the court to continue the sentencing hearing should it deny the motion to withdraw the guilty plea, so that she can review the discovery materials and be better prepared for the sentencing hearing.

{¶ 11} The assistant prosecutor objected to both motions, reporting that she was unaware of the request for discovery until the morning of the sentencing hearing. The assistant prosecutor also pointed out that the discovery request was not filed by the new counsel until July 7, 2021, less than three weeks before the scheduled sentencing hearing, and she was unaware of any communication from Hyche's new defense counsel indicating that she was waiting on the discovery in order to proceed.

{¶ 12} Acknowledging that a presentence motion to withdraw should be freely granted, the trial court applied the multiple factors set forth by this court in *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), for a consideration of such a motion.

{¶ 13} Regarding counsel's competence, the trial court enumerated the qualification of Hyche's prior counsel, noting counsel has been admitted to the bar

since 1974 and is certified for aggravated murder cases as well as for serving as lead counsel in capital cases.[2]  The trial court determined counsel to be "highly competent" for purposes of the plea procedure.

{¶ 14} Hyche's counsel conceded the validity of the Crim.R. 11 colloquy at the plea hearing but argued that Hyche was not represented by "highly competent" counsel in his plea, citing the fact that Hyche pleaded guilty on the day of the scheduled trial, which counsel argued indicated that his prior counsel simply "managed to get a plea deal at the 11th hour." While defense counsel acknowledged Mr. Bruner's reputation and competence, she argued Mr. Bruner was not "highly competent" in this case.

{¶ 15} In response, the court engaged in a discussion with Hyche's counsel regarding the propriety of the practice of accepting a guilty plea on the day of the trial.  Counsel also alleged that Hyche's prior counsel had advised Hyche that there could not be an acquittal in this case given the statement he made to the police but, based on her review of the PSI, she believed Hyche had a potential claim of self-defense.  She argued Hyche should be permitted to withdraw the guilty plea based on the potential self-defense claim.

---

[2] The dissent references a disciplinary action against Harvey B. Bruner as an indication of his lack of competence.  We note, however, at no point was any pending disciplinary action involving Bruner brought to the trial court's attention to enable it to assess its relevance, if any, to Hyche's plea. Bruner's disciplinary matter is not part of the record on appeal and was not raised on appeal as a basis of his lack of competence in his representation of Hyche in his plea.

{¶ 16} The trial court observed that the case had been pending since September 2019, prior counsel had requested discovery, and the court's review of the PSI indicated that the victim and Hyche gave different accounts of what occurred in the incident, yet only the victim went to the hospital for serious injuries, which were shown in the photographs taken by the police.

{¶ 17} Based on its review of the motion to withdraw and the record, the court found Hyche merely appeared to have a change of heart and the motion to withdraw the guilty plea was no more than a "fishing expedition." The court concluded that Hyche had not advanced a sufficient basis for his motion to withdraw.

{¶ 18} The court also denied the motion to continue the sentencing hearing, explaining that the victim and her family had appeared at the plea hearing and were now also present to make the victim impact statements, the PSI had been prepared, and the court was ready to proceed to sentencing.

{¶ 19} The matter then proceeded to sentencing. The state read the letter from the victim and her mother, who were present at the hearing. The victim stated she was still haunted by the day Hyche attacked her and would panic whenever she saw a vehicle that resembled Hyche's vehicle. She still had vivid memories of being beaten, kicked, and strangled on the day of the incident, and being sent to the hospital with a fractured nose and bruises all over her body. She suffered PTSD from the assault. The victim's mother stated in her letter that she had welcomed Hyche into the family's life but the family's life was shattered after Hyche viciously attacked

her daughter. Hyche's mother also spoke at the hearing, stating he was not the monster as portrayed in those letters.

{¶ 20} The trial court observed that Hyche was compliant while on court-supervised release, never tested positive on his urine screens, and has adjusted well to the pretrial supervision. For his offenses of attempted felonious assault and attempted abduction, the court imposed a 24-month term of community-control sanctions on each count and advised Hyche that a violation of the terms and conditions of the community-control sanctions may result in a prison term of 30 months for his offenses.

**Appeal**

{¶ 21} On appeal, Hyche argues the trial court abused its discretion in failing to grant his motion to continue the sentencing hearing and motion to withdraw the guilty plea. For ease of discussion, we first review his second assignment of error regarding the motion to withdraw.

### A. Motion to Withdraw the Guilty Plea

{¶ 22} Crim.R. 32.1 governs withdrawals of guilty pleas. It provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice, the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 23} Regarding a presentence motion to withdraw a guilty plea, while generally such a motion should be freely and liberally granted, the Supreme Court of Ohio has instructed that "[t]he decision to grant or deny a presentence motion to

withdraw a guilty plea is within the sound discretion of the trial court." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), paragraph two of the syllabus. "A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing in order to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶ 24} This court has determined that a trial court does not abuse its discretion in overruling a motion to withdraw

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim. R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863, paragraph three of the syllabus. Additional factors this court has considered include whether the motion was made in a reasonable time; whether the motion states specific reasons for withdrawal; whether the accused understood the nature of the charges and the possible penalties; and whether the accused was perhaps not guilty or had a complete defense. *State v. King*, 8th Dist. Cuyahoga No. 106709, 2018-Ohio-4780, ¶ 14, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 8-9.

{¶ 25} The gist of Hyche's written motion to withdraw the guilty plea and counsel's argument at the July 26, 2021 hearing appears to be that he was not well advised by his prior counsel and his new counsel believed he had a potential

plausible claim of self-defense but was unable to particularize the defense without access to discovery. On appeal, Hyche argues the trial court abused its discretion in denying his motion to withdraw because his prior counsel was not "highly competent" in the plea proceeding, he "may have had plausible defenses in this matter," and he was not afforded a fair, full, and impartial hearing on the motion to withdraw. We address these claims in turn.

{¶ 26} Regarding counsel's competence, the trial court specifically made a finding that his prior counsel was "highly competent" for purposes of his representation of Hyche for the plea. Hyche argues on appeal that his counsel was not "highly competent" because his plea ensured that he could no longer be employed in his profession of nursing.

{¶ 27} Hyche fails to point to any part of the record substantiating this claim. Our review of the transcript of the plea hearing reflects that at the outset of the plea hearing, the trial court ensured that Hyche, who had a nursing degree, wished to take advantage of the plea bargain, and the transcript of the plea hearing reveals the following exchange:

> THE COURT [addressing defense counsel]: And [Counsel], did you go over with [Mr. Hyche] the fact that he may not be able to continue working in the nursing field because of this conviction?
>
> [COUNSEL]: He understands.

(Tr. 11.)

{¶ 28} When addressing the motion to withdraw the guilty plea, the trial court specifically noted that Hyche had been advised that he could not continue his

employment in nursing by virtue of his plea. Hyche's claim on appeal regarding counsel's competence is not supported by the record.

{¶ 29} Hyche next argues in a conclusory manner that he "may have plausible defenses" in this matter but the trial court did not afford his new counsel additional time to review the discovery and outline specific plausible defenses. We recognize that this court has provided an additional factor for the trial court to consider in a motion to withdraw: whether "'the defendant had evidence of a plausible defense.'" *State v. Banks*, 8th Dist. Cuyahoga No. 107346, 2019-Ohio-1770, quoting *State v. Heisa*, 8th Dist. Cuyahoga No. 101877, 2015-Ohio-2269, ¶ 19. However, merely alleging a potential defense without pointing to "evidence of a plausible defense" does not satisfy *Banks*. While his new counsel claimed an inability to fully set forth the defense(s) on July 26, 2021, without discovery, there is, notably, no demonstration on appeal regarding the particulars of the potential defense(s). *Xie*'s requirement that there is a "reasonable and legitimate basis" for the withdrawal of the plea is not met in this case.

{¶ 30} Finally, Hyche argues he was not afforded a fair, full, and impartial hearing on his motion to withdraw the guilty plea, claiming that the trial court decided to deny the motion without counsel's argument. Our review of the transcript reflects that, while the trial court made an initial statement regarding the lack of the merit of the motion based on its review of the record and the motion to withdraw, it afforded his counsel ample opportunity to present arguments on the motion, and counsel spoke at length on the circumstances underlying Hyche's

request for a withdrawal of his guilty plea. The transcript also reflects the trial court engaged in a thorough analysis of the factors set forth in *Peterseim,* 68 Ohio App.2d 211, 428 N.E.2d 863, but concluded that Hyche simply had a change of heart and he failed to allege a sufficient ground for vacating the plea. Having reviewed the transcript, we find Hyche's claim that he was not afforded a complete and impartial hearing on the motion to withdraw is not borne out by the record.

{¶ 31} While a presentence motion to withdraw the guilty plea is to be treated liberally, it is within the sound discretion of the trial court to determine the circumstances justifying such a motion. *Peterseim* at 213-214. Our review of the record does not indicate the trial court abused its discretion in denying Hyche's motion to withdraw the guilty plea. The second assignment of error is without merit.

## B. Motion to Continue Sentencing Hearing

{¶ 32} On the day of the scheduled sentencing hearing, Hyche's counsel also filed a motion to continue the sentencing hearing. His counsel stated in the motion that she was retained after the plea was entered and could not address the mitigation issues without discovery. On appeal, Hyche claims his new counsel was forced to go forward on sentencing and the trial court abused its discretion in denying the motion to continue.

{¶ 33} "The grant[ing] or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion."

*State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). The court considers the following objective factors when ruling on a motion for a continuance:

> [T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [requesting party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case.

*Unger* at 67-68.

{¶ 34} Here, this matter was pending since 2019. While Hyche's new counsel was not retained until after he pleaded guilty and she only appeared in the case on July 7, 2021, there was no allegation counsel was unaware that the matter was scheduled for sentencing on July 22, 2021. Yet, the motion to continue — based on a lack of discovery provided by the state and a need for additional time to review it — was not filed until the day of the scheduled sentencing hearing, when the victim and her family were present to make the victim impact statements and the trial court was ready to proceed to sentencing based on its review of the PSI.

{¶ 35} While the court in *Unger* enumerated several factors for a review of a motion to continue, "'[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied.'" *Unger* at 67, quoting *Ungar v. Sarafite*, 376 U.S. 575, 589, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964).

{¶ 36} Here, counsel stated in the motion to continue that she was unable to address mitigation factors without access to discovery. A review of the transcript indicates Hyche's counsel spoke at length on his behalf on various mitigation factors as reflected in the PSI. The court imposed community-control sanctions rather than prison terms for his third- and fourth-degree felonies. Hyche fails to substantiate on appeal what counsel would have added if in possession of discovery or how counsel's representation regarding sentencing was otherwise impacted. Having reviewed the record, we are unable to find an abuse of discretion by the trial court in denying the motion to continue the sentencing hearing. The first assignment is without merit.

{¶ 37} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MICHELLE J. SHEEHAN, JUDGE

JAMES A. BROGAN, J.,* CONCURS (WITH SEPARATE CONCURRING OPINION ATTACHED);
EILEEN A. GALLAGHER, P.J., DISSENTS (WITH SEPARATE DISSENTING OPINION ATTACHED).

(*Sitting by assignment: James A. Brogan, J., retired, of the Second District Court of Appeals.)

JAMES A. BROGAN, J., CONCURRING:

{¶ 38} I concur in the opinion of Judge Sheehan. This criminal matter had been pending for nearly two years. On the day of trial, Hyche accepted a plea bargain and pled guilty to two reduced charges. As Judge Sheehan noted, the trial court engaged in an extensive plea colloquy with Hyche and his counsel, Harvey Bruner. Hyche acknowledged that he discussed the evidence against him with his counsel. Bruner acknowledged that he had received all the information he requested from the State. After the pleas were made and accepted by the trial court, the court set sentencing for a month later.

{¶ 39} Hyche hired new counsel who attempted to get the State's discovery material from Mr. Bruner and then the assistant prosecuting attorney. Although counsel knew that time was of the essence, she waited until the day of sentencing to

inform the assistant prosecutor and the court that she had not received the discovery material.

{¶ 40} It is not clear when new counsel reviewed the presentence investigation and saw the serious injuries of the victim depicted in police photographs. Counsel had to know that the victim would likely appear in court and give her victim statement on the day of sentencing. In fact, on that date, both the victim and her mother were present in court to inform the court how both their lives were affected by the defendant's conduct. It would not have been easy for the court to send them away to come back at some later occasion.

{¶ 41} It is well established that denial of a motion to withdraw a guilty plea will not be overturned absent an abuse of the trial court's discretion. I see no abuse of that discretion present in the record.

EILEEN A. GALLAGHER, P.J., DISSENTING:

{¶ 42} I respectfully dissent. The appellant sought to withdraw his guilty pleas after retaining new counsel and prior to the scheduled sentencing. In counsel's motion to withdraw the plea, it was stated that there were "plausible defenses" to which the appellant could avail himself, but that a review of discovery was necessary to identify them.

{¶ 43} Through no fault of appellant, or his counsel, the state failed to respond to a request for discovery until 19 days after said request was filed and only on the day of sentencing. The assistant prosecuting attorney, at the sentencing

hearing, somewhat disingenuously, stated, "While it is true that [d]efense [c]ounsel did file a notice of appearance and demand for discovery on July 7th, I was not made aware of either of those filings until this morning. I don't have any indication that our office ever received them * * *."

{¶ 44} The majority references the trial court's comments finding that prior counsel, Harvey B. Bruner, was "highly competent." I acknowledge Mr. Bruner's experience and longevity as an attorney. It is interesting to note, however, that on May 11, 2021, two months prior to the sentencing hearing, the Supreme Court of Ohio heard arguments in the matter of *Ohio State Bar Assn. v. Bruner*, Slip Opinion No. 2021-Ohio-4048, which resulted in Bruner's two-year suspension from the practice of law. In that disciplinary action, attorney Bruner was cited with multiple violations of the Rules of Professional Conduct including "failing to communicate with clients regarding the scope and nature of the representation."

{¶ 45} In my opinion, the trial court abused its discretion in denying the motion to withdraw the guilty pleas in this case.

{¶ 46} A trial court obviously has the discretion to deny a pretrial motion to withdraw pleas but those requests should be freely and liberally granted. In this particular case, new counsel had been retained and she attempted to contact prior counsel. Those attempts were unsuccessful. Counsel then filed for discovery from the state, but did not receive it prior to the scheduled sentencing hearing. Counsel suggested that, after consultation with her client, there were potential defenses to the charges levied against him. However, without discovery, she was unable to state

with specificity what defenses could, or would, be raised. This is not a case wherein the plea is infirm. It is a matter of fundamental justice.