[Cite as *State v. Casshie*, 2022-Ohio-4403.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,            :

                             No. 111270

    v.                                      :

ADAM CASSHIE,                             :

    Defendant-Appellant.        :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 8, 2022

---

Criminal Appeal from the Cuyahoga County Common Pleas Court
Case No. CR-18-633548-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Francis Cavallo, Assistant Public Defender, *for appellant*.

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Adam Casshie ("Casshie") appeals his guilty plea and the trial court's denial of his motion to withdraw his guilty plea. He also appeals the trial court's failure to grant him jail-time credit. We affirm.

## I. Facts and Procedural History

{¶ 2} Casshie was indicted on eight counts, including charges for rape, gross sexual imposition, and kidnapping against two minors, on November 6, 2018, from incidences that took place on July 27, 2018. All charges included a sexually violent predator specification. Casshie moved to California later that year, and a capias was issued in November. According to the record, Casshie was arrested in California in December 2018 for a theft that occurred in California in November 2018. He was arrested again in August 2019 in California on another charge. He was given mental health evaluations and pleaded guilty to the charges in California. He was given jail-time credit for his time served in California for the California charges. Casshie was then extradited from California to Ohio on February 23, 2020. Casshie was declared competent to stand trial and moved the trial court to allow him to represent himself at trial. On July 22, 2021, Casshie signed a written waiver of counsel where he stipulated to the court that his waiver was signed knowingly, intelligently, and voluntarily. The trial court warned Casshie about the pitfalls and shortcomings of representing himself. However, the trial court granted Casshie's motion to proceed pro se, but also assigned a stand-by attorney to assist him if

needed. Casshie participated in multiple pretrial hearings that were set to ensure that Casshie received all discovery materials with ample time to review.

{¶ 3} On September 1, 2021, the trial court set Casshie's trial for December 13, 2021. On October 25, 2021, Casshie requested a continuance of his trial date so that he could hire a private investigator. The trial court denied his request, reminding him that he had several weeks to prepare for his trial. On November 16, 2021, Casshie again requested a continuance to allow his private investigator to investigate his case. Casshie informed the court that his private investigator had only began working for him the previous day. The trial court, again, denied Casshie's motion reminding him that he had been warned about the issues with representing himself.

{¶ 4} On December 9, 2021, four days before trial, Casshie pleaded guilty to two counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(2). In exchange for Casshie's guilty plea, the state nolled the associated sexually violent predator specifications and the remaining charges and specifications. At the plea hearing, Casshie indicated to the court that he did not want to go to trial and instead plead guilty. (Tr. 195.) After amending the charges, the trial court informed Casshie that he had 655 days of jail-time credit.

{¶ 5} During the plea hearing, the trial court asked Casshie if anyone threatened or forced him to enter his plea of guilty. (Tr. 205.) Casshie replied "no, your honor." (Tr. 206.) The trial court asked Casshie if anyone had made promises

to him if he entered the plea of guilty or promised him a specific sentence. Casshie replied, "no." (Tr. 206.) The trial court then asked Casshie if he was satisfied with his standby counsel, and Casshie replied, "yes." *Id.* The trial court inquired as to whether Casshie understood his constitutional right that he was presumed innocent and that by entering a plea of guilty, was admitting the truth of the facts and his full guilt. (Tr. 207.) Casshie replied, "no." (Tr. 208.) The trial court then stated that the case would go to trial. Casshie stated, "I'm willing to take a confession for my own benefit." (Tr. 208-209.) The trial court again asked Casshie if he understood that by pleading guilty, he was admitting to the truth of the facts and his full guilt. Casshie stated, "yes, your honor." *Id.*

{¶ 6} The trial court repeated the same question again to ensure that Casshie understood, and Casshie again replied in the affirmative. The trial court asked Casshie if he understood his right to a jury trial or a bench trial and that by entering a guilty plea, he was waiving that right. Casshie stated that he understood. (Tr. 210.) The trial court continued to fully comply with Crim.R. 11, (Tr. 210-212.) Casshie responded to each question that he understood and told the court that he was satisfied that the trial court complied with the requirements of Crim.R. 11. The trial court scheduled the sentencing hearing for January 24, 2022.

{¶ 7} On December 15, 2021, Casshie filed a motion to withdraw his guilty plea. In Casshie's motion, he argued that he felt that his plea was the result of improper inducement by his original counsel, who was also his standby counsel.

Casshie did not state that counsel convinced him to enter the plea nor did he state that counsel made any promises to him. However, he stated that counsel made certain suggestions that persuaded Casshie to plead guilty.

{¶ 8} The trial court conducted a hearing on Casshie's motion. The trial court asked Casshie to state clearly why he wanted to withdraw his guilty plea. Casshie stated:

> Okay. I felt that I should take a plea because I was led to believe — wasn't promised, you already asked me so I didn't lie — I was never promised, but I was led to believe something would happen. And when I was led to believe this would happen, it came from a source that also was against me like I said through e-mails.
>
> I never — As representation I never gave permission to counteract a counterplea. This was done without my authority. I never said I wanted that plea given. And it was also said that I'm afraid this guy is going to get an appeal — which I can't — out of ineffective assistance because I represented myself anyway. It seemed like it was just get this guy to plea because I'm afraid of this. So it seemed like they were working together so I felt like I was being worked together on every angle.
>
> And concerning the one — It has to do with the withdraw plea but it has to be understood the State filed a motion to like for me to exclude to mention prostitution. The angle only came from me and I only spoke to one certain person. So this information was divulged.

(Tr. 225-226.)

{¶ 9} Casshie also told the court that he believed he had 1,125 days in jail-time credit and that, if he pleaded guilty, he would get the minimum sentence and be able to go home with no jail time. The trial court asked Casshie if the trial court stated any of those conditions to him. He replied, "no." After asking the state for a

reply to his allegations, the trial court stated the standard for which Casshie would be allowed to withdraw his plea. The trial court denied Casshie's motion.

{¶ 10} On January 24, 2021, the trial court sentenced Casshie to seven years in prison, and he filed this appeal assigning four errors for our review:

I.   The trial court erred in failing to grant appellant a reasonable continuance to secure a full independent investigation while acting in a pro se capacity, denying him fundamental due process under the Fifth and Fourteenth Amendments as well as the Sixth Amendment to the U.S. Constitution and Article 1, Section 10 of the Ohio Constitution;

II.  The trial court erred in accepting appellant's plea as knowing, voluntary, and intelligent when his plea was the result of a denial of his rights combined with improper inducement;

III. The trial court abused its discretion and erred in denying appellant's timely motion to withdraw his plea; and

IV.  The trial court erred in not granting appellant's full jail-time credit under R.C. 2967.191 from the date he was taken into custody in California on an Ohio Warrant.

## II.   Granting of Continuances

### A.   Standard of Review

{¶ 11} "The decision to grant or deny a continuance is a matter entrusted to the broad discretion of the trial court." *R.J.L. v. K.R.*, 8th Dist. Cuyahoga No. 108228, 2019-Ohio-3667, ¶ 19, citing *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981).

{¶ 12} "Thus, the decision to grant or deny a motion to continue a trial will not be reversed on appeal unless the trial court has abused its discretion." *Teffer v. Hornbeck*, 8th Dist. Cuyahoga No. 80477, 2002-Ohio-3788, ¶ 11.

> An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse ""'implies that the court's attitude is unreasonable, arbitrary or unconscionable.'"" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 152, 157, 404 N.E.2d 144 (1980).

*State v. Acosta*, 8th Dist. Cuyahoga No. 111110, 2022-Ohio-3327, ¶ 43.

**B.    Law and Analysis**

{¶ 13} In Casshie's first assignment of error, he argues that the trial court erred by denying his motion for a continuance to hire a private investigator in violation of his due process rights under the Fifth and Fourteenth Amendments and his right to effective assistance of counsel under the United States and Ohio Constitutions. The court considers the following objective factors when ruling on a motion for a continuance:

> "[T]he length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the [requesting party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case."

*State v. Hyche*, 8th Dist. Cuyahoga No. 110709, 2022-Ohio-1587, ¶ 33, quoting *Unger* at 67-68.

{¶ 14} The trial court granted Casshie's motion to represent himself on July 22, 2021. This was more than four months prior to the trial date of December 13, 2021. On October 25, 2021, three months after Casshie's motion to represent himself, Casshie requested a continuance of his trial date so that he could hire a private investigator. The trial court denied his request, reminding him that he had several weeks to prepare for his trial. Casshie argues that this denial is akin to ineffective assistance of counsel. However, "[w]hen a defendant elects to represent himself, he is forgoing any Sixth Amendment argument based on the idea that counsel — standby or otherwise — provided insufficient aid." *State v. Hackett*, 164 Ohio St.3d 74, 2020-Ohio-6699, 172 N.E.3d 75, ¶ 16. Thus, Casshie's Sixth Amendment argument is misplaced.

{¶ 15} Additionally, we find that Casshie has not demonstrated how the trial court abused its discretion by denying his motion in violation of the Fifth and Fourteenth Amendments. The trial court warned Casshie many times that representing himself could have disastrous results. Casshie was also given ample time to prepare for his case, having almost five months to prepare before trial. Casshie elected to forgo his right to trial and entered a plea of guilty.

{¶ 16} Therefore, Casshie's first assignment is overruled.

III. **Guilty Plea**

## A.    Standard of Review

{¶ 17} "'An appellate court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11(C).'" *State v. Jackson*, 8th Dist. Cuyahoga No. 104108, 2016-Ohio-7891, ¶ 4, quoting *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 20, citing *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 6. "'"We are required to review the totality of the circumstances and determine whether the plea hearing was in compliance with Crim.R. 11(C)."'" *Id.* at ¶ 4, quoting *Hinton* at ¶ 20, quoting *Schmick* at ¶ 6.

> "'Crim.R. 11(C) governs the process by which a trial court must inform a defendant of certain constitutional and nonconstitutional rights before accepting a felony plea of guilty or no contest. The underlying purpose of Crim.R. 11(C) is to convey certain information to a defendant so that he can make a voluntary and intelligent decision regarding whether to plead guilty.'"

*Id.* at ¶ 4, quoting *Hinton* at ¶ 20, quoting *Schmick* at ¶ 5.

> Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas. We have explained that the rule "ensures an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975); *see also State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990).

*State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 11.

## B.    Law and Analysis

{¶ 18} In Casshie's second assignment of error, he contends that the trial court erred in accepting his guilty plea as knowingly, voluntarily, or intelligently.

[O]ur focus in reviewing pleas has not been on whether the trial judge has "[incanted] the precise verbiage" of the rule, *State v. Stewart*, 51 Ohio St.2d 86, 92, 364 N.E.2d 1163 (1977), but on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences of his plea, *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 15-16; [*State v.*] *Clark* [119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462], ¶ 26; *State v. Miller*, 159 Ohio St. 3d 447, 2020-Ohio-1420, 151 N.E.3d 617, ¶ 19.

*Id.* at ¶ 12.

{¶ 19} Crim.R. 11(C) states:

(1) Where in a felony case the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally either in-person or by remote contemporaneous video in conformity with Crim.R. 43(A) and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the

defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

*Id.*

{¶ 20} "When a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceedings and that he was prejudiced by that error." *Dangler* at ¶ 13. However,

> [w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, at ¶ 31; *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus. We have identified these constitutional rights as those set forth in Crim.R. 11(C)(2)(c): the right to a jury trial, the right to confront one's accusers, the privilege against self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt. *Veney* at ¶ 19. But when a trial court fails to fully cover other "nonconstitutional" aspects of the plea colloquy, a defendant must affirmatively show prejudice to invalidate a plea. *Id.* at ¶ 17.

*Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 14.

{¶ 21} After review of the record, we determine that the trial court fully complied with Crim.R. 11.

> COURT: Do you understand that you are presumed innocent, and that by entering a plea of guilty you admit to the truth of the facts and your full guilt? That's a yes or no. If it's a no, we're going to trial.
>
> DEFENDANT: Yes, your Honor.

COURT:　I'll ask the question again.　Do you understand that you're presumed innocent, and that by entering a plea of guilty you admit to the truth of the facts and your full guilt?

DEFENDANT:　Yes, your Honor.

COURT:　Do you understand that you have the right to a trial by a jury, but you can waive that right and have your case tried by a Judge, without a jury?

DEFENDANT:　I do understand that.　And how would that go, the process of serving?

COURT:　You try it to the Court versus 12 people over here.　Do you understand that?　That's a choice that you had, and that you're waiving that?　Do you understand that you have the right to a trial by a jury, or you can waive that right and have your case tried by a judge, without a jury?　That's a constitutional right that you're waiving by entering this plea?　Do you understand that?

DEFENDANT:　Yes, your Honor.

COURT:　Do you understand that the State of Ohio, through the Prosecutor, must prove your guilt beyond a reasonable doubt as to each element, of each crime of which you were charged?　That's their burden.　Do you understand that?　Do you understand?

DEFENDANT:　Yes.

COURT:　The State of Ohio, through the Prosecutor, must prove your guilt beyond a reasonable doubt as to each element, of each crime of which you are charged.

DEFENDANT:　Yes, your Honor.

COURT:　Do you understand that you have the right to compulsory process, which means that you may compel, require, demand the appearance of witnesses at trial by the issuance of subpoenas to make sure they show up?

DEFENDANT: Yes, your Honor.

COURT: Do you understand that you have the right to cross-examine witnesses, as it relates to the matter that will be before the Court?

DEFENDANT: Yes, your Honor.

COURT: Do you understand that you have the right not to testify at the time of trial, which means you cannot be forced to testify against yourself?

DEFENDANT: Yes, your Honor.

COURT: Do you understand that if you elect not to testify at trial, that your silence could not be used against you in an attempt to prove your guilt?

DEFENDANT: Yes, your Honor.

COURT: Do you understand that this Court can proceed with judgment and sentence you immediately after your plea?

DEFENDANT: Yes, your Honor.

COURT: Do you understand? And, finally, do you understand that you're waiving all of these rights by entering a plea of guilty today?

DEFENDANT: I understand, your Honor, yes.

COURT: I need one other thing. With regards to two counts, Count 2 and Count 5, the State nolled or dismissed the sexual violent predator specification as relates to those. Do you waive any defects with regards to those amendments?

DEFENDANT: Yes, I understand.

COURT: Do you understand? Okay. Thank you so much.

DEFENDANT:  You're welcome.

COURT:  And you do so waive?

DEFENDANT:  You're welcome, I'm sorry.

COURT:  Based upon the statements of the prosecuting attorney, and what you've presented to this Court, I believe it is your intention to plead guilty to Count 2, as amended.  That is rape, a felony of the first degree.  Maximum penalty could be 11 years of incarceration, as well as up to a $20,000 fine.  It is further the Court's understanding that it is your intention to plead guilty to Count 5 as amended.  That's rape, a felony of the first degree, punishable by a maximum of 11 years' incarceration, and, again, up to a $20,000 fine.  You would be required to register as a Tier III registrant sex offender, and as it relates to that, that would require you to register every 90 days for the rest of your life.  And you would later execute a document with regard to that in this court that would then be filed with the Sheriff's Department.  Do you understand that, sir?

DEFENDANT:  Yes, your Honor.

COURT:  Thank you.  Also, as relates to this, this is mandatory time as it relates to that.  The minimum time has been — the Court is going to indicate to you will be three years, and the Court has already indicated the maximum time.  Do you understand the offense to which you are pleading guilty, sir?

DEFENDANT:  Yes.

COURT:  Do you understand the offenses to which you are pleading guilty?

DEFENDANT:  Yes, your Honor.

COURT:  Do you understand the possible penalties?

DEFENDANT:  Yes, your Honor.

COURT: As it relates to these particular matters, and that it is mandatory time, upon your release from prison you would be subject to five years of mandatory PRC. When you're placed on Post Release Control and you violate, the Adult Parole Authority would be authorized to return you to prison for up to the max of one-half of the original sentence imposed. If you're convicted of a new felony while on Post Release Control, in addition to being punished for the new offense, the Judge could add an additional consecutive prison term of one year, of what time remains on your Post Release Control term, whichever is greater as a maximum. And while you're on Post Release Control, if you fail to report to your parole officer, you could be charged with escape, which is a felony. Mr. Casshie, do you have any questions about your rights, the charges, the penalties or anything that's being done here today, sir?

DEFENDANT: No, your Honor.

COURT: Thank you. [State], are you satisfied that I've complied with the requirements of Criminal Rule 11?

STATE: The State is, your Honor.

COURT: And, Mr. Casshie, the requirement of criminal Rule 11 is everything that I've just gone over with you. Are you satisfied that I've complied with the requirements of Criminal Rule 11?

DEFENSE COUNSEL: Yes, your Honor.

COURT: Thank you. Let the record reflect that the Court is satisfied that Mr. Casshie has been informed of his constitutional rights, he understands the nature of the charges, the effect of a plea and the maximum penalties which may be imposed.

(Tr. 209–216.)

{¶ 22} Casshie indicated to the trial court that he understood his constitutional rights and the effect of his guilty plea. However, Casshie does not

argue that the trial court did not comply with Crim.R. 11, but rather, his plea was not knowingly, voluntarily, or intelligently made because he was led to believe that pleading guilty would result in a certain outcome.

{¶ 23} However, at the time the plea was taken by the trial court, the trial court asked Casshie if anyone had made promises to him if he entered the plea of guilty or promised him a specific sentenced. Casshie replied, "no." (Tr. 206.) The trial court also asked Casshie if he was satisfied with his standby counsel, and Casshie replied, "yes." *Id.* Casshie responded to each question that he understood and told the court that he was satisfied that the trial court complied with the requirements of Crim.R. 11. We find that Casshie has not demonstrated that the trial court erred in accepting his guilty plea.

{¶ 24} Therefore, Casshie's second assignment of error is overruled.

## IV. Motion to Withdraw Guilty Plea

### A. Standard of Review

{¶ 25} "We review a trial court's ruling on a motion to withdraw a guilty plea for abuse of discretion." *State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 7, citing *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

> An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35. Such an abuse ""implies that the court's attitude is unreasonable, arbitrary or unconscionable."" *State v. Montgomery*, Slip Opinion No. 2022-Ohio-2211, ¶ 135, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d

1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 152, 157, 404 N.E.2d 144 (1980).

*Acosta*, 8th Dist. Cuyahoga No. 111110, 2022-Ohio-3327, at ¶ 43.

**B.     Law and Analysis**

{¶ 26} In Casshie's third assignment of error, he argues that the trial court abused its discretion by denying his motion to withdraw his guilty plea. Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 27} "A defendant does not have an absolute right to withdraw a plea prior to sentencing, but the 'trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea.'" *Hines* at ¶ 8, quoting *Xie* at 527. "At that hearing, a defendant must receive 'full and fair consideration' of their motion." *Id.* at ¶ 8, quoting *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980). "Following the hearing, it is within the discretion of the trial court to deny the motion; however, a presentence motion to withdraw a guilty plea should be freely and liberally granted." *Id.* at ¶ 8, citing *Xie* at 527.

{¶ 28} This court has held that a trial court's denial of a presentence motion to withdraw is not an abuse of discretion when the record reflects (1) the defendant is represented by highly competent counsel; (2) the accused was afforded a full

hearing, pursuant to Crim.R. 11, before he entered the plea; (3) after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion; and (4) the court gives full and fair consideration to the plea withdrawal request. *Peterseim* at 214.

{¶ 29} "In addition to the *Peterseim* factors, Ohio courts have recognized a nonexhaustive list of additional factors, which trial courts should also consider when deciding a presentence motion to withdraw a plea." *Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, at ¶ 10.

> These factors include: 5) whether the motion was made timely; 6) whether the motion states specific reasons for withdrawal; 7) whether the defendant understood the nature of the charges and the possible penalties; 8) whether the defendant was perhaps not guilty or had a complete defense; and 9) whether the state would suffer prejudice if the defendant is allowed to withdraw the plea.

*Id.*, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83718, 2004-Ohio-1677, ¶ 9.

{¶ 30} Casshie represented himself, but the trial court provided him with standby counsel. Casshie was afforded a full hearing pursuant to Crim.R. 11 before he entered the plea, and he was given a complete and impartial hearing on the motion. The trial court also gave full and fair consideration to the plea withdrawal request. At the hearing, the trial court allowed Casshie to explain why he wanted to withdraw his plea. Casshie explained that he thought he was entitled to more jail-time credit and that he would receive a minimum sentence.

{¶ 31} The trial court asked Casshie if he heard that from the court, and he said no. At the plea hearing, the trial court explained to Casshie that his jail-time credit was calculated to be 655 days. The trial court also did not make any promises to Casshie regarding his sentencing. The trial court asked Casshie if any promises were made to him about sentencing, to which he replied, "no." He also stated at the plea hearing and motion to withdraw hearing that no promises were made to him. Casshie did not demonstrate that his standby counsel nor the state promised him a reduced sentence in exchange for his guilty plea. "Nothing in the transcript demonstrates that [Casshie's] decision to withdraw his guilty pleas was based on anything other than a mere change of heart which is not a sufficient basis upon which a defendant can rely in order to successfully withdraw his guilty pleas." *State v. Resto*, 8th Dist. Cuyahoga No. 109109, 2020-Ohio-4299, ¶ 29.

{¶ 32} Therefore, Casshie's third assignment of error is overruled.

## V.    Jail-Time Credit

### A.    Standard of Review

{¶ 33} "'[W]e review the trial court's failure to award jail-time credit for plain error.'" *State v. Lucas*, 8th Dist. Cuyahoga No. 110421, 2022-Ohio-84, ¶ 10, quoting *Bratenahl v. Eldridge*, 8th Dist. Cuyahoga No. 109520, 2021-Ohio-1083, ¶ 8.

> In order for this court to decide that plain error has occurred, it "requires a showing that there was 'an error, that the error was plain or obvious, that but for the error the outcome of the proceeding would have been otherwise, and that reversal [is] necessary to correct a manifest miscarriage of justice.'"

*Id*. at ¶ 11, quoting *State v. Speights*, 8th Dist. Cuyahoga No. 109733, 2021-Ohio-1194, ¶ 13, quoting *State v. Buttery*, 162 Ohio St.3d 10, 2020-Ohio-2998, 164 N.E.3d 294, ¶ 7, citing *State v. Quarterman*, 140 Ohio St. 3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 2.

{¶ 34} "The party asserting plain error bears the burden of proof to demonstrate plain error on the record." *Speights* at ¶ 13, citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22, quoting *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 16. "'[A]ppellate courts are to notice plain error only in "exceptional circumstances" in order to prevent "a manifest miscarriage of justice."'" *State v. Keslar*, 8th Dist. Cuyahoga No. 107088, 2019-Ohio-540, ¶ 21, quoting *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978).

### B.    Law and Analysis

{¶ 35} In Casshie's fourth assignment of error, he argues that the trial court erred in not granting his full jail-time credit under R.C. 2967.191 from the date he was taken into custody in California on the Ohio warrant. However, Casshie does not offer what that date is. According to the record, Casshie was arrested in California in December 2018 for a theft that occurred in California in November 2018. He was arrested again in August 2019 in California on another charge. He was given mental-health evaluations and pleaded guilty to the charges in California.

He was given jail-time credit for his time served in California for the California charges. Casshie was then extradited from California to Ohio on February 23, 2020.

{¶ 36} Casshie pleaded guilty on December 9, 2021, and the trial court correctly credited him with 665 days of jail-time credit, February 23, 2020, to December 9, 2021. Casshie's sentencing date was then set for January 24, 2022, which is an additional 46 days. Therefore, Casshie's total jail-time credit equals 701 days. However, Casshie contends that he should be given credit for the time he spent incarcerated in California.

{¶ 37} "R.C. 2967.191(A), governing jail-time credit, provides, in relevant part:

> The department of rehabilitation and correction shall reduce the prison term of a prisoner, as described in division (B) of this section, by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial."

*State v. Curry*, 8th Dist. Cuyahoga No. 110886, 2022-Ohio-697, ¶ 19.

{¶ 38} Casshie was not confined in California for the offenses for which he was convicted and sentenced in Ohio. Nothing in the record demonstrated that Casshie was detained in California for the offenses in this instant case. Thus, Casshie is not entitled to jail-time credit for the time he was confined in California.

{¶ 39} Therefore, Casshie's fourth assignment of error is overruled.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, PRESIDING JUDGE

LISA B. FORBES, J., and
MARY J. BOYLE, J., CONCUR